# HARRY H. HONORE, JR.

*v.*

# THE HOME NATIONAL BANK OF CHICAGO.

80    489
95a ¹104

1. PRACTICE—*affidavit of merits.* If the defendant is a resident of the county where suit is brought, the plaintiff may file an affidavit of merits with his declaration, and have judgment by default, unless the defendant, his agent or attorney shall file an affidavit of merits with his plea.

2. The plaintiff is not required to file his own affidavit in such a case, but it may be made by him, his agent, his attorney, or any other person who knows and can swear to the necessary facts.

3. Where it appears that the defendant was served with process in the county where the suit is brought, it will be presumed, in the absence of contrary proof, that he resided in that county at the time.

4. The affidavit filed with a declaration, to require an affidavit of merits from the defendant, need not be entitled as of the term of court.

5. It is not necessary that the plaintiff's affidavit should appear to have been filed after the suit is commenced. It is sufficient if filed with the declaration, either before or after the commencement of the suit.

6. CONSTITUTIONAL LAW—*act requiring affidavit of merits.* The legislature is not prohibited by the constitution from requiring an affidavit of merits to be filed with a plea. It seems it has power to require all pleadings to be sworn to as a condition precedent to their being filed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN W. SHOWALTER, for the appellant.

Messrs. CHETLAIN & GREGORY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee brought an action of assumpsit in the Superior Court of Cook county, against appellant. He filed a plea of non-assumpsit, and plaintiff afterwards moved the court to strike the plea from the files, and for a judgment by default. In support of his motion he relied on the affidavit of merits filed with his declaration. The court thereupon sustained the motion and entered the default and final judgment against defend-

ant. He excepted, and appealed to this court, and asks a reversal, on the ground, as he claims, that the action of the court was unauthorized by the statute.

Section 37, chapter 110, Revised Statutes 1874, provides that, "If the plaintiff in any suit upon a contract, express or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due him from the defendant, after allowing the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment as in case of default, unless the defendant, his agent or attorney, if defendant is a resident of the county in which the suit is brought, shall file with his plea an affidavit, stating that he verily believes he has a good defense to said suit." The whole question turns on the true construction of this section.

If, then, appellant was a resident of Cook county, under any construction we are able to give the statute, the cashier had a right to make the affidavit of merits. Whatever construction may be given to the statute when a defendant is not a resident of the county, it seems to us as obvious that when he is a resident of the county, the plaintiff may file an affidavit and have his judgment, unless the defendant, his agent or attorney shall file an affidavit of merits with his plea. The plaintiff, according to the terms of the statute, is not required to file his own affidavit, but "an affidavit." It may be made by him, his attorney, his agent, or any other person who knows and can swear to the facts. This affidavit states all that the law requires.

But it is said there is nothing to show that the defendant was a resident of Cook county. The summons in the record shows that it was issued to the sheriff of Cook county, and that it was duly served by his deputy, and in the county, as he had no power to go beyond its limits for the purpose. This, then, raises a presumption that Cook county was his place of residence, to authorize the court to require an affidavit of merits to the plea. Had it been shown that defendant was not a resident, then the question would have been raised whether a

non-resident of the county would be required to file an affida-
vit of merits.   And we apprehend his non-residence of the
county could have been shown by any credible person who
knew the fact and would have made the affidavit.

But it is insisted that the affidavit accompanying appellee's
declaration was not properly entitled.   The venue is given in
the caption, and it is entitled, " In the Superior Court of Cook
county," and was sworn to on the 4th of November, 1874, and
filed on the same day.   It was entitled in the case, and, so far
as we can see, is fully identified as belonging to the case.  But
it is said that it was not entitled as of the term.   This seems
to be hypercritical.   It is believed not to have been the prac-
tice to do so, unless it be with pleas in abatement, declarations,
and, perhaps, affidavits upon which suits are based, for the.
last half century or more, even if it ever was the custom of so
entitling pleas in bar, or affidavits used during the progress of
the trial.   To require such unnecessary exactness in such cases
would be well calculated to stifle instead of to promote justice.
Such a requirement could answer no beneficial end.   The file
mark shows when the paper became a part of the papers in the
cause, and it can only be presumed that it is to be used on the
hearing of the matter to which it refers, either at the term
when filed or at a subsequent term.

It is urged that it does not appear, with legal certainty, that
the suit had been commenced when the affidavit was filed.
The record shows that the præcipe and declaration were filed
on the 4th day of November, 1874, and that a summons was
issued thereon on the same day.   We will not give so strict a
construction to the statute as to require that the affidavit must
be filed after the suit is brought.   But if it was filed with the
declaration, the requirement of the statute was answered.  The
præcipe may be filed, the summons issued and served, and the
declaration and affidavit may be filed afterwards.   Or, the dec-
laration and affidavit may be filed and the summons afterwards
issued, and there could be no objection taken.   The statute
only requires the affidavit to be filed with the declaration, and
it must be obvious to all, that whenever it is regular to file the

declaration the affidavit may be filed at the same time. There is no force in this objection.

The plaintiff, then, having complied with the 37th section of the statute, defendant was required to file an affidavit of merits as a condition to the right to plead. Or, in other words, to entitle a plea to the merits to be filed, its truth, in whole or in part, in effect, is required to be verified by affidavit. Appellant not having thus verified his plea, it was improperly filed, and the court below did not err in striking it from the files, and when so stricken out, the court, under the statute, had full power to render judgment as though no plea had ever been filed.

But it is urged that this section is unconstitutional. The General Assembly has the undoubted right and ample power to prescribe the practice of our courts, and to alter and change the same as they may think the promotion of justice requires. We have never heard it questioned that the General Assembly has the power to require any or all pleadings to be sworn to as a condition precedent to their being filed in a case. And this is the effect of this statute, and its only effect.

In the case of *Roberts* v. *Thomson,* 28 Ill. 79, it was said that a similar law "Was thought by the General Assembly to be a salutary rule of practice, and we do not feel warranted in encouraging the effort to exalt it to the dignity of a constitutional question by discussing it now; we pass it by with the remark, that we have no doubt of the competency of the legislature to establish such a rule of practice, and it is not a harsh one, if the defendant has a real defense." The argument of of appellant's counsel has shown no reason, nor have our own reflections suggested any, that requires us to overrule that decision.

The judgment of the court below must be affirmed.

*Judgment affirmed.*