## E. M. Terhune v. Robert Weston et al.

1. APPELLATE COURT PRACTICE—*Motions to Strike Affidavits From the Files.*—A party can not raise for the first time, in the Appellate Court, the question that an affidavit of claim in the court below was filed

without leave or not filed in time.  A motion should have been made in the court below to strike the same from the files.

Assumpsit, on a promissory note.  Appeal from the County Court of Franklin County; the Hon. W. F. DILLON, Judge, presiding.  Heard in this court at the August term, 1896.  Reversed and remanded.  Opinion filed March 3, 1897.

A. C. TERHUNE, attorney for appellant.

C. H. LAYMAN, attorney for appellees.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

When appellant, by leave of court, filed his amended declaration, he filed therewith an affidavit of claim.  No motion was made to strike the affidavit from the files.  Appellee afterward filed a plea without filing an affidavit of merits.  Appellant made a motion to strike the plea from the files.  The motion should have been sustained.  The court had the power to allow an affidavit of claim to be filed with the amended declaration (Spradling v. Russell, 100 Ill. 522), and if appellees desired to raise the question that the affidavit was filed without leave, or not in time, they should have made a motion to strike the same from the files.  No such motion having been made, the right to file the affidavit of claim stands unchallenged, and the plea should have been stricken from the files.

McWilliams v. Richland, 16 Bradw. 333, is not in conflict with this ruling.  In that case the plaintiff did not move to strike the plea from the files, but took issue thereon, and the court held that the right to require the filing of an affidavit of merits could not be afterward asserted.

Under the provisions of the note sued on, appellant had the right to recover a reasonable attorney's fee, and the court erred in disallowing the same.

Appellees can not take advantage of the alleged errors in the rulings against them for the reason that they have assigned no cross-errors.

The judgment is reversed and the cause is remanded.