## Benjamin F. Horn v. Charles E. Noble et al.

1. PRACTICE—*Pleas in Abatement Under Extensions of the Time to Plead.*—A plea in abatement filed under an extension of the time to plead without limitation as to the kind of plea, must, if filed within the time extended, be considered as filed in apt time.

2. SAME—*Waiver of a Plea in Abatement.*—Where a defendant, pending a motion to strike a plea in abatement from the files, obtains leave to file another plea, and files a plea of the general issue, he will, by so doing, waive his plea in abatement.

**Assumpsit.**—Appeal from the Circuit Court of St. Clair County; the Hon. Martin W. Schaefer, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

Franklin A. McConaughy, attorney for appellant.

Messick, Moyers & Crow, attorneys for appellees.

Mr. Justice Worthington delivered the opinion of the court.

Declaration in assumpsit with affidavit of merits attached. Judgment for plaintiff by *nil dicet* for $282.62, the amount specified in affidavit, and for costs of suit. Motions for new trial and in arrest of judgment overruled, and exceptions duly entered, and appeal taken.

The errors assigned, important to be noticed, are, striking plea in abatement from files; striking plea of the general issue from the files, and denying the motion to vacate judgment, reinstate plea of general issue and to grant trial of the cause.

The steps in this case as shown by the record and bill of exceptions are as follows:

March 30, 1900, summons to appear in St. Clair County Circuit Court personally served on appellant.

April 11th defendant asked and obtained leave of court for an extension of time to plead until the second Wednesday of the term, and on April 17th again obtained an extension of time until second Friday of the term.

April 17th appellant moved to dismiss suit upon the ground that appellees were non-residents and that no cost bond was filed, and for a rule on appellees to give security for costs.

April 18th this motion was allowed, and a rule entered upon plaintiff to file a cost bond by the third Monday of the term.

April 18th appellant filed a plea in abatement purporting to set up an extension of time for payment of the claim.

April 20th appellees moved the court to strike plea in abatement from the files, upon the grounds that it was not

filed in apt time; that at the time of filing the plea, appellant filed his motion to dismiss the suit for want of a cost bond; and for insufficiency of the plea.

April 23d defendant obtained leave to file an additional plea, and on April 24th filed a plea of the general issue, without affidavit of merits.

May 16th appellees moved to strike plea of general issue from the files upon the ground that "it is not verified as is required by the statute in such cases."

May 16th the motions to strike plea in abatement and plea of general issue were argued, and the motions sustained and the pleas struck from the files. A rule was then entered upon defendant to plead by the sixth Friday of the term.

May 21st, defendant failing to comply with the rule to plead, "the court enters his default for want of plea," and rendered judgment, etc., on affidavit of merits attached to declaration.

Subsequently, appellant filed an affidavit that he was a non-resident of Illinois and had been for five years, and moved for a new trial upon the ground that in such case an affidavit of merits was not required to be attached to his plea of general issue, and that his plea was on this account improperly struck from the files. The motion was overruled.

From what appears in the record and the bill of exceptions, we can not say that the plea of abatement was not filed in apt time. Extension of time was given to plead, without limitation as to the kind of plea. Plaintiff was non-resident without security for costs filed. Upon motion a rule was had on the 17th of April requiring a cost bond, which bond was filed on the succeeding day. On that day, April 18th, the plea of abatement was filed, the time not having expired for filing a plea. If the rule to give security for costs had not been complied with, or good cause shown why it should not be complied with, the case would have been dismissed for non-compliance with the rule. Until it was complied with, the plaintiff had no standing in court

t) compel the defendant to take any steps which would incur costs for which he had no security, but for which, under the statute, he had a right to security. But there was a sufficient reason for striking the plea from the files.

The record shows that, pending a decision upon a motion to strike the plea in abatement from the files, appellant asked and obtained leave to file another plea under which leave he filed a plea of the general issue. By so doing, he waived his plea of abatement, and for this reason, if for no other, it was properly stricken from the files. The motions to strike both the pleas, namely of abatement and of the general issue, were heard and disposed of at the same time, as appears from the record. It is urged that the court erred in striking the plea of general issue from the files, because it appears from the plea in abatement, that appellant was a non-resident, and that, being so, it was not necessary for him to file an affidavit of merits with his plea. When appellant waived his plea of abatement by filing a plea of the general issue, no allegations in his plea of abatement were before the court for consideration. The presumption was, in the absence of anything proper to be considered by the court to the contrary, that the defendant was a resident. Goldie v. McDonald, 78 Ill. 606; Honore v. Home Nat. Bank, 80 Ill. 489.

The filing of an affidavit that appellant was a non-resident upon his motion for a new trial comes too late. If he desired to rely upon the fact that he was a non-resident to excuse filing an affidavit of merits with his plea of the general issue, he should in some appropriate way have presented that fact to the court at the time of filing the plea. It is not claimed in the application for a new trial that the judgment is for more than is due. The only defense asserted is, that suit was prematurely brought.

Upon an examination of the entire record, we think that the judgment should be and it is affirmed.