MARIE DEMILLY

*v.*

JULES GROSRENAUD.

*Opinion filed February 18, 1903.*

1. JURISDICTION—*jurisdiction of subject matter has its source in the law.* Jurisdiction of the subject matter has its source in the law creating and governing the court, and it must be exercised in the mode and to the extent prescribed by such law.

2. SAME—*judgment is a nullity if court has no jurisdiction.* A judgment rendered by a court having no jurisdiction to hear the case is an absolute nullity, and may be attacked at any time and in any proceeding.

3. APPEALS AND ERRORS—*transcript is essential to jurisdiction on appeal from justice of peace.* The circuit court has no jurisdiction of the subject matter on appeal from a judgment of a justice of the peace if there is no transcript of the proceedings, as is required by section 25 of artice 9 of act relating to justices of the peace.

4. SAME—*court may take jurisdiction if justice's transcript is merely defective.* The circuit court may take jurisdiction of an appeal from a judgment of a justice of the peace if the transcript certified by him is merely defective, since the court may require the defects to be remedied.

5. SAME—*what not a transcript of proceedings in justice court—equitable relief.* A paper filed in the circuit court, indicating that there had been some proceedings before a justice of the peace but not naming any party to identify the case and containing an unsigned form of certificate, is not a sufficient transcript to confer jurisdiction on the circuit court, and equity will set aside the judgment rendered on such appeal, as also a sale of property thereunder.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

A. S. ROBERTSON, for plaintiff in error.

EDWIN BEBB, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Jules Grosrenaud, defendant in error, filed his bill in the superior court of Cook county against Marie Demilly, plaintiff in error, to set aside and vacate a judgment re-

covered by her in the circuit court of Cook county against him, and to cancel and set aside the sale of certain premises levied upon as his property under an execution issued upon said judgment and a sheriff's deed executed in pursuance of said sale. The bill was answered, and upon a hearing the court granted the relief prayed for and set aside the judgment, sale and deed, and perpetually enjoined said Marie Demilly from asserting title to the premises under said judgment, sale or sheriff's deed. The plaintiff in error seeks a reversal of the decree by virtue of the writ of error in this case.

The question to be decided is whether the circuit court acquired jurisdiction to render judgment. That court had jurisdiction of the parties to the suit, but it was also necessary that it should have jurisdiction of the subject matter of the suit, and it is in respect to such subject matter that its jurisdiction is disputed in this case. Jurisdiction of the subject matter finds its source in the law creating and governing the court, and it is to be exercised in the mode and to the extent prescribed by the law. If the court has jurisdiction to hear a cause and render judgment, its judgment, whether erroneous or not, will not be subject to collateral attack, but will be binding until reversed or set aside in a direct proceeding, but if the court has no jurisdiction of a case its judgment will be an absolute nullity, and it may be attacked at any time and in any proceeding. In this case the following facts touching the jurisdiction were proved: Marie Demilly brought suit against Jules Grosrenaud before a justice of the peace of Cook county, and on a trial judgment was rendered against her. She took an appeal to the circuit court and the cause was docketed in that court. When it came on for trial, Grosrenaud objected to the jurisdiction of the court for want of a transcript of the proceedings before the justice of the peace. The court proceeded to a trial, and there was a verdict for $10 against said Grosrenaud and judgment

was entered on the verdict.   Execution was issued and
a sale made, and after the period of redemption expired
a sheriff's deed was executed.

The statute regulating appeals from judgments of
justices of the peace to the circuit court provides that,
upon an appeal being taken, the justice shall return all
the papers in the case, and a transcript of his docket in
the case, to the clerk of the court to which the appeal is
taken, with a certificate under his hand that said tran-
script and papers contain a full and perfect statement of
all proceedings before him.   (2 Starr & Cur. Stat. 1896,
p. 2436.)   Proceedings in the circuit court are based on
the transcript, and it has uniformly been held that with-
out a transcript of the proceedings before the justice the
circuit court has no jurisdiction of the subject matter.
(*Reed* v. *Driscoll*, 84 Ill. 96; *Sheridan* v. *Beardsley*, 89 id. 477.)
The law conferring jurisdiction on the circuit court pro-
vides for the transfer of the cause to that court, and when
an appeal has been taken the court may obtain juris-
diction of the subject matter by requiring a transcript
to be filed, but until that is done it will have no jurisdic-
tion to try the cause.   It is also true that if the transcript
is transmitted by the justice to the circuit court, certified
by him, the fact that there are defects in the certificate
will not prevent the circuit court from taking jurisdiction
of the case, and the court may require the defects to be
remedied.   (*Fink* v. *Disbrow*, 69 Ill. 76.)   In this case there
was no transcript.   There was a paper on file which in-
dicated that there had been some proceedings before a
justice of the peace, without the name of any party to
identify the litigation and without any certificate in com-
pliance with the law.   There was the form of a certificate
not signed by any person, and in that respect the case
is like that of *Hosmer* v. *People*, 96 Ill. 58, in which there
was a form of certificate not signed and it was held there
was no transcript.   The circuit court was wanting in juris-
diction of the subject matter, and that was an objection

which could not be waived. (*Johnson* v. *Logan*, 68 Ill. 313; *Munroe* v. *People*, 102 id. 406; 12 Ency. of Pl. & Pr. 188.) As a matter of fact, the objection to the jurisdiction was made when the case was called for trial. The judgment being an absolute nullity, all proceedings under it were void.

The decree of the superior court is affirmed.

*Decree affirmed.*