HARTY BROS. & HARTY COMPANY, Appellant, *vs.* SAMUEL POLAKOW, Appellee.

*Opinion filed December 15, 1908—Rehearing denied Feb. 4, 1909.*

1. JURISDICTION—*jurisdiction of the subject matter cannot be waived.* Where a court does not have jurisdiction of the subject matter conferred upon it by law it cannot be invested with jurisdiction by consent, and a failure to question such jurisdiction in the trial court is not a waiver of the objection.

2. CONTRACTS—*term "implied contracts" includes obligations imposed by law.* The term "implied contracts" includes not only those obligations where the mutual intention of the parties to contract, though not expressed, is implied from their acts or the circumstances, but also those obligations imposed by law without the assent of the party bound.

3. SAME—*section 28 of Mechanic's Lien law requires action of assumpsit.* Under section 28 of the Mechanic's Lien law, providing that a sub-contractor may sue the owner and the contractor jointly for the amount due him, the only action at law authorized is assumpsit, and a contract between the sub-contractor and the owner will be implied for all such amounts as the contractor may recover from the owner under such section, although the express contract was between the contractor and sub-contractor.

4. MUNICIPAL COURTS—*municipal court of Chicago has jurisdiction of suit at law by sub-contractor.* Under that part of section 2 of the Municipal Court act conferring jurisdiction of "all contracts, express or implied, when the amount claimed by the plaintiff, exclusive of costs, exceeds $1000," the municipal court of Chicago, if the amount claimed is sufficient, has jurisdiction of an action of assumpsit by a sub-contractor, who has established his right to a lien, against the owner and contractor though the express contract is between the contractor and the sub-contractor.

5. APPEALS AND ERRORS—*when absence of cross-error does not require affirmance of judgment of trial court.* A reversal by the

Appellate Court upon the ground that the trial court was without jurisdiction is a reversal for error of law, and the fact that no cross-error is assigned by appellee in the Supreme Court does not require the Supreme Court to affirm the judgment of the trial court upon reversing the Appellate Court's judgment, but the cause will be remanded to the Appellate Court.

CARTWRIGHT, C. J., HAND and DUNN, JJ., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding.

BULKLEY, GRAY & MORE, for appellant:

A contract implied in fact is where one stands by and knowingly receives a benefit without protest or agreement as to price or employs or takes goods of another without fixing a price. The law implies that he will pay for them. Keener on Quasi-Contracts, 5; 15 Am. & Eng. Ency. of Law, (2d ed.) 1078.

A contract implied in law is, that "whatever the law orders anyone to pay, that becomes instantly a debt which he hath beforehand contracted to discharge." *Chudnovski* v. *Eckels*, 232 Ill. 312; Bishop on Contracts, secs. 184, 190, 204, 205, 206, 217; *Bowen* v. *Hoxie*, 137 Mass. 527; Keener on Quasi-Contracts, 5, 16; *Milford* v. *Commonwealth*, 144 Mass. 64; *Steamship Co.* v. *Joliffe*, 2 Wall. 456; 15 Am. & Eng. Ency. of Law, (2d ed.) 1078; 7 id. 91, 92; *Hertzog* v. *Hertzog*, 29 Pa. St. 465; *Proprietors* v. *Taylor*, 6 N. H. 499; *Sceva* v. *True*, 53 id. 627.

A suit at law, under our statute, against the owner and contractor, and for a lien, is the proper remedy. Rev. Stat. chap. 82, sec. 28; *Baptist Church* v. *Andrews*, 87 Ill. 172; *Havighorst* v. *Lindberg*, 67 id. 463; *George* v. *Everhart*, 57 Wis. 397; *Hooven* v. *Featherstone*, 99 Fed. Rep. 180; *Marsh* v. *Fraser*, 27 Wis. 596.

Assumpsit is the proper action. *Conklin* v. *Plant,* 34 Ill. App. 264; *Hughes* v. *Russell,* 43 id. 430; *Hruby* v. *Vokoun,* 57 id. 194.

Assumpsit lies in an implied contract, (*Railway Co.* v. *Chew,* 67 Ill. 378,) and especially where one stands by and sees the work or accepts the benefit. *Maher.* v. *Chicago,* 38 Ill. 267; *DeWolf* v. *Chicago,* 26 id. 466; Puterbaugh's Pl. & Pr. 84, 90.

The practice in the municipal court cannot be questioned by appeal unless the effect of such practice is to deny a party justice. Municipal Court act, secs. 19, 22.

The action of assumpsit is a kind of equitable action, to make compensation for property or money which the defendant has no right to retain. *Bank* v. *Gatton,* 172 Ill. 625; *Taylor* v. *Taylor,* 20 id. 650; *Wilson* v. *Turner,* 164 id. 403; *Allan* v. *Stenger,* 74 id. 120.

MAX M. GROSSMAN, (H. J. ROSENBERG, of counsel,) for appellee:

A suit by a sub-contractor against an owner under the Mechanic's Lien law creating the obligation is not a suit upon a contract, express or implied. *Smith* v. *Sillsbe,* 53 N. Y. (App. Div.) 462; *McMann* v. *Meehan,* 61 N. Y. Supp. 58; *Cooper* v. *Spencer,* 124 Mass. 183.

An implied contract is a term applied to that class of *quasi* contractual obligations which are well established and well defined in our law, and has never been known to apply to obligations created by statute. 15 Am. & Eng. Ency. of Law, 1076; *Chicago* v. *Railroad Co.* 186 Ill. 300.

An obligation upon the part of an owner to a subcontractor, created by a mechanic's lien law, is wholly unknown to the common law and is in derogation of that law and of common right. *Williams* v. *Rittenhouse & Embree Co.* 198 Ill. 602; *Ryerson* v. *Smith,* 152 id. 641.

Suits upon obligations created by statute, such as mechanics' liens, etc., do not come within the designation of

civil suits. This being true, the more so, therefore, is a mechanic's lien suit not embraced within the term "express or implied contract."

The municipal court of Chicago is a court of limited jurisdiction, because it can take cognizance of a few specified matters only. 11 Cyc. 656; *Holmes* v. *Fihlenburg,* 54 Ill. 203; *People* v. *Wilson,* 15 id. 389.

A court of limited jurisdiction cannot entertain any controversy not clearly within the comprehension of the law conferring jurisdiction. *County of Hardin* v. *McFarland,* 82 Ill. 138; *Board* v. *People,* 20 id. 526.

Failure to object, or even consent, cannot confer jurisdiction where the subject matter of the controversy is not within the jurisdiction conferred upon the court. 17 Am. & Eng. Ency. of Law, 1061, 1062; *Robertson* v. *Wheeler,* 162 Ill. 566; *Peak* v. *People,* 71 id. 278; *Supervisors* v. *Thompson,* 39 id. 566; *Richards* v. *Railroad Co.* 124 id. 519; *Hoagland* v. *Creed,* 81 id. 506; *Gary* v. *Newton,* 201 id. 272.

The rule of law by which a contract is implied, in fact where one stands by and knowingly receives a benefit without protest, is subject to the important exception that it does not apply to the case of a sub-contractor. He must seek his recovery from the one with whom he makes his express contract. *Compton* v. *Payne,* 69 Ill. 354; *Campbell* v. *Day,* 90 id. 363; *Walker* v. *Brown,* 28 id. 378.

Mr. JUSTICE CARTER delivered the opinion of the court:

Harty Bros. & Harty Co., a corporation, brought this suit in assumpsit in the municipal court of Chicago against Samuel Polakow and Bass & Bornstein. Polakow engaged Bass & Bornstein to do the carpenter work for him on a building in Chicago. Appellant contracted with Bass & Bornstein to furnish the mill work for such building. This action was brought to recover for the balance due under

appellant's contract with Bass & Bornstein for the mill work or interior finish on said building, under section 28 of the Lien act of 1903. (Hurd's Stat. 1908, p. 1372.) All the preliminary requirements of the Lien law, including notice, were complied with by appellee before instituting this action. The court found that appellee had a lien on said building. The trial in the municipal court resulted in a judgment against Polakow and Bass & Bornstein for $1683.54. Polakow prayed and was allowed a separate appeal to the Appellate Court for the First District. On the hearing in that court the cause was reversed, solely on the ground that the municipal court was without jurisdiction of the subject matter of the suit. From the judgment of the Appellate Court appellant has perfected its appeal to this court.

Appellant first contends that as the question of jurisdiction was not raised in the trial court it was waived. When a court does not have jurisdiction of the subject matter conferred upon it by law it cannot be invested with jurisdiction by consent. Such an objection cannot be waived. *Demilly* v. *Grosrenaud,* 201 Ill. 272; *Town of Audubon* v. *Hand,* 223 id. 367.

Does the municipal court of Chicago have jurisdiction of the subject matter of the suit? If it has, it is agreed that it must be conferred by that part of section 2 of the act creating the court which grants it jurisdiction of "all actions on contracts, express or implied, when the amount claimed by the plaintiff, exclusive of costs, exceeds $1000." (Hurd's Stat. 1908, par. 265, p. 664.) No express contract relation existed between Polakow and appellant herein, but there was such an express contract between appellant and the co-partnership of Bass & Bornstein and another express contract between Bass & Bornstein and appellee. If the municipal court had jurisdiction of this suit it must be because there was an implied contract between appellant and Polakow.

Said section 28 of the Lien law provides that if money is due a sub-contractor he "may either file his petition and enforce his lien" as provided under said law, "or he may sue the owner and contractor jointly for the amount due him in any court having jurisdiction of the amount claimed to be due, and a personal judgment may be rendered therein, as in other cases. In such actions at law, as in suits to enforce the lien, the owner shall be liable to the plaintiff for no more than the *pro rata* share,  *  *  *  and such action at law shall be maintained against the owner only in case plaintiff establishes his right to the lien. All suits and actions by sub-contractors shall be against both contractor and owner jointly, and nó decree or judgment shall be rendered therein until both are duly brought before the court by process or publication, and in all courts including actions before a justice of the peace and police magistrates, such process may be served and publication made as to all persons, except the owners as in suits in chancery. All such judgments, where the lien is established, shall be against both jointly, but shall be enforced against the owner only to the extent that he is liable under his contract as by this act provided.  *  *  *  But this shall not preclude a judgment against the contractor, personally, where the lien is defeated."

By what action at law other than assumpsit could recovery be had under this section? That action lies "where a party claims damages for breach of simple contract,— *i. e.,* a promise not under seal. Such promises may be express or implied, and the law always implies a promise to do that which a party is legally liable to perform." (Andrews' Stephen on Pleading, sec. 53.) The term "implied contract" has been used to denote not only contracts implied in fact,—that is, obligations where the mutual intention to contract, although not expressed, is implied or presumed from the acts of the parties or from surrounding circumstances,—but also to denote that class of obligations

imposed or created by law without the assent of the party bound, and sometimes even notwithstanding his actual dissent, upon the ground that they are dictated by reason and justice. These latter obligations have sometimes been called constructive contracts or contracts implied by law,—fictions of law adopted to enforce legal duties. (Keener on Quasi-contracts, p. 5; Bishop on Contracts, sec. 205; *Hertzog* v. *Hertzog*, 29 Pa. St. 465; 9 Cyc. 242; 7 Am. & Eng. Ency. of Law,—2d ed.—91; 15 id. 1078; *Lillard* v. *Wilson*, 178 Mo. 145; *Railway Co.* v. *Gaffney*, 65 Ohio St. 104.) This court has held in the recent case of *Chudnovski* v. *Eckels*, 232 Ill. 312, that there is no distinction between contracts implied by law from the existence of a plain legal obligation, without regard to the intention of the parties, or even contrary thereto, and contracts implied, in fact, from acts or circumstances indicating the mutual intention; that all alike come within the natural and usual meaning of the words "implied contract." "Whatever the laws order anyone to pay, that becomes instantly a debt which he hath beforehand contracted to discharge." 3 Blackstone, 160; *Bowen* v. *Hoxie*, 137 Mass. 527; Bishop on Contracts, sec. 205; *Pacific M. S. Co.* v. *Joliffe*, 2 Wall. 450.

In our opinion the cases of *Cooper* v. *Skinner*, 124 Mass. 183, and *Smith* v. *Silsbe*, 53 N. Y. App. Div. 462, cited to show that this action is not on an implied contract, do not bear directly on the points involved. The Massachusetts court held that the municipal court of the city of Boston had no jurisdiction to enforce a mechanic's lien where the amount exceeded $100, but based the decision upon the ground that it would be contrary to the principles adopted in construing statutes to hold that general provisions were intended to change the jurisdiction in a subject matter in which both the right and remedy were created by a statute which contained full and definite provisions as to the whole subject. Manifestly, therefore, that decision is not decisive. Furthermore, in the later case of *Milford* v. *Com-*

*monwealth,* 144 Mass. 64, it was held that claims for salaries, when established by law, were often spoken of as founded on contract; that in matters of procedure penalties were usually regarded as debts; that actions under statutes to recover for money expended have usually been actions on contracts, and the law regards the money expended a debt and implies a request and promise to pay the money; that a contract is sometimes said to be implied when there is no intention to create a contract and no agreement of the parties; that the law has imposed an obligation which is enforced as if it arose *ex contractu.* The reasoning of this decision would plainly base the action at law provided for under said section 28 of the Lien act on an implied contract under the statute. The New York case was an action in the New York municipal court to foreclose a mechanic's lien, and it was stated that the court had been created, by the express terms of the statute, without any equity jurisdiction, hence it did not have jurisdiction in the matter in question. But in the opinion the two cases of *Terra Cotta Co.* v. *Doyle,* 133 N. Y. 603, and *Morton* v. *Tucker,* 145 id. 244, are referred to with approval. Both these latter were cases in which personal judgments under the New York mechanic's lien law appear to have been obtained against the property owners, and in our judgment the reasoning in both tends to uphold the jurisdiction of the municipal court in this proceeding. The decisions involving the construction of lien laws and jurisdiction of courts in other States cannot, however, be decisive on the question here raised, as the statutes called to our attention are so different in wording from our own.

We are disposed to hold that the only action at law that can be brought to recover against the owner under the Lien act is assumpsit, and that this act, when a sub-contractor has complied with its requirements, so as to create a lien in his favor, imposes such an obligation upon the owner that a contract will be implied for all such amounts as may

be recovered from him by an action at law under said section 28. This conclusion is further strengthened by the reasoning of this court in decisions as to implied contracts and recoveries therefor under an action in assumpsit. *De-Wolf* v. *City of Chicago,* 26 Ill. 443; *First Nat. Bank* v. *Gatton,* 172 id. 625; *Carter* v. *White,* 32 id. 509; *Toledo, Wabash and Western Railway Co.* v. *Chew,* 67 id. 378; *First Baptist Church of Chicago* v. *Andrews,* 87 id. 172.

Appellant argues that if the municipal court had jurisdiction to try the cause, no cross-errors having been assigned in this court, the other questions raised by appellee's briefs cannot be considered here, (*Kantzler* v. *Bensinger,* 214 Ill. 589; *Penn Plate Glass Co.* v. *Rice Co.* 216 id. 567;) and that therefore the judgment of the Appellate Court should be reversed and that of the municipal court affirmed. The Appellate Court may reverse without remanding under two conditions: First, where it finds the facts in controversy different from the finding of the trial court and recites the ultimate facts so found in its judgment; second, when it reverses for errors of law which can not be obviated or cured on another trial. A want of jurisdiction in the municipal court falls within the second class. The Appellate Court's view on this point being a mistaken one, it should consider the other errors assigned upon the record in that court.

The judgment of the Appellate Court is therefore reversed and the cause remanded to that court, with directions to enter such judgment as it may deem proper. (*Coverdale* v. *Royal Arcanum,* 193 Ill. 91.) The clerk of this court is ordered to transmit the record herein to the Appellate Court for the First District for further consideration in accordance with these directions.

*Reversed and remanded, with directions.*

CARTWRIGHT, C. J., HAND and DUNN, JJ., dissenting.