# P. Weakley Huston, Appellant, v. Willis P. Wright, Appellee.

JUSTICE OF THE PEACE—*what essential to establish jurisdiction of appeal from.* The transcript with a certificate of the justice showing the proceeding before him is essential to confer jurisdiction of an appeal to the County Court.

Action commenced before justice of the peace. Appeal from the County Court of McDonough county; the Hon. WILLIAM J. FRANKLIN, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

VOSE & CREEL, for appellant.

CLARENCE S. TOWNLEY, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

The plaintiff brought this suit against the defendant before one Williams, a justice of the peace, from whom upon the application of the defendant a change of venue was taken to J. R. Stookey, a justice of the peace. It is admitted that upon a trial of the case before the last named justice there was a judgment in favor of the plaintiff and against the defendant for $4.77 together with costs of suit. For the purpose of taking an appeal from said judgment the defendant filed his bond with the clerk of the County Court of McDonough county, which bond was approved by said clerk, and in response to a supersedeas issued and served upon said justice of the peace he returned what purported to be a transcript of his docket to the clerk of said court. The pretended transcript so returned by the justice of the peace as the same appears in this record contains no certificate whatever that the same contains a full and perfect statement of all the proceedings. It is not a case wherein the certificate is merely defective but one in which a certificate is wholly lacking. While the County Court had jurisdiction of the persons of the parties it had no jurisdiction of the subject-matter of the suit, because there was no transcript of the proceedings before the justice of the peace. In Demilly v. Grosrenaud, 201 Ill. 272, a very similar record was involved and it was held that the Circuit Court was without jurisdiction of the subject-matter; that the objection to such want of jurisdiction could not be waived and that the judgment of the court was a nullity. In this state of the record the case proceeded to trial in the County Court before a jury and resulted in a verdict for the defendant and judgment

against the plaintiff for costs, from which judgment the plaintiff prosecutes this appeal.

In view of the fact that the record in this respect may be perfected and the case be re-tried we will very briefly consider other errors appearing in the record of the trial.

It did not sufficiently appear that the mill book offered in evidence by the defendant was a book of original entries entitling it to be admitted in evidence. The docket of the justice of the peace offered in evidence by the plaintiff should have been excluded. The fourth, fifth and sixth instructions given at the instance of defendant are palpably erroneous and should have been refused.

The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*