CHICAGO—FIRST DISTRICT—MAY, 1923.      419

Stevens-Jarvis Lumber Co. v. Quixley Lumber Co., 229 Ill. App. 419.

## Stevens-Jarvis Lumber Company, Defendant in Error, v. Quixley Lumber Company, Plaintiff in Error.

### Gen. No. 27,538.

1. JUDGMENTS—*assumpsit for breach of contract as action for money under Practice Act.* An action in assumpsit for damages for breach of contract to deliver lumber is an action upon a contract for the payment of money within the meaning of Practice Act, Cahill's Ill. St. ch. 110, ¶ 55, authorizing entry of judgment as in case of default in any action upon a contract for the payment of money, in which a judgment may be entered by default upon the striking out of defendant's plea for failure to file an affidavit of meritorious defense, since the statute is not limited to contracts expressly providing for the payment of money but includes those in which the payment of money is implied by law from the existence of a plain legal obligation as well as those in which it is implied in fact.

2. APPEAL AND ERROR—*questions not preserved by bill of exceptions not reviewable in error.* In the absence of any bill of exceptions preserving the questions, the Appellate Court on error will not consider whether it was error to enter judgment for plaintiff by default after the plea had been stricken out for failure of defendant to file an affidavit of meritorious defense, on the grounds that the affidavit of claim was filed without leave with an amended declaration and not at the time of filing the original declaration, or that no rule was entered on defendant to file an affidavit of meritorious defense, or that the pleas were stricken without notice to the defendant.

3. JUDGMENTS—*rule on defendant to file affidavit of defense not prerequisite to entry of judgment under Practice Act, § 55.* A judgment by default may be entered against a defendant whose pleas have been stricken out for failure to file any affidavit of defense without any rule on defendant to file such affidavit under Practice Act, Cahill's Ill. St. ch. 110, ¶ 55, expressly providing that such affidavit shall be filed with the plea and that on failure to file it, the plaintiff shall be entitled to a judgment, as in the case of default.

4. PLEADING—*notice to defendant not prerequisite to striking plea for failure to file affidavit of defense.* It was not error to enter judgment by default against defendant after striking out his pleas for failure to file an affidavit of defense without notice of the striking of the pleas, since under Practice Act, Cahill's Ill. St. ch. 110, ¶ 55, relating to entry of judgment under such circumstances, ad-

vantage may be taken of the want of an affidavit of merits by motion for judgment as in case of default without striking the plea from the files.

5. APPEAL AND ERROR—*regularity of proceedings presumed on error in absence of bill of exceptions.* It will be presumed on error that a judgment by default entered by the lower court under Practice Act, Cahill's Ill. St. ch. 110, ¶ 55, authorizing entry of such judgment, was entered after due hearing upon legitimate evidence and not on the affidavit of claim alone, in the absence of any bill of exceptions, especially where the judgment recites that the court heard "all the allegations and proof" submitted by the plaintiff.

6. PLEADING—*sufficiency of declaration to support judgment.* A declaration in assumpsit for damages for breach of contract will, on error, after entry of judgment for the plaintiff by default, be held to sufficiently allege a readiness on the part of plaintiff to receive and pay for the lumber where it is alleged in substance that plaintiff made repeated and insistent demands upon defendant for the lumber and that it finally notified defendant that unless shipment of the lumber was made within a specified time it would buy in the open market and hold defendant for the difference in price, and that defendant failed to deliver and plaintiff bought in the open market at an increased price over that provided in the contract.

MATCHETT, J., dissenting.

Error by defendant to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed May 28, 1923. Rehearing denied June 11, 1923.

GEORGE C. KING and MILLER, GORHAM, WALES & NOXON, for plaintiff in error.

EDWARD A. ZIMMERMANN and ELMER M. LEESMAN, for defendant in error.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is a writ of error to the circuit court of Cook county brought by the Quixley Lumber Company, plaintiff in error, to reverse a judgment entered by default in an action of assumpsit for alleged breach of contract on the part of the Stevens-Jarvis Lumber

Company, defendant in error, for failure to deliver certain lumber to the plaintiff in error.

An original and an amended declaration were filed. Plaintiff in error pleaded to the original declaration. Thereafter defendant in error filed an amended declaration. No affidavit of claim was filed with the original declaration, but one was filed with the amended declaration. The pleas of plaintiff in error to the original declaration were, by order of court, allowed to stand as pleas to the amended declaration. No affidavit of merits was filed by plaintiff in error. On motion of defendant in error the pleas were stricken from the files for the failure of plaintiff in error to file an affidavit of merits, and judgment by default was entered against plaintiff in error in the sum of $5,643.

The first contention of counsel for plaintiff in error is that the present action is not one upon a contract for the payment of money, but "upon a contract to deliver certain lumber," and that, therefore, a default could not be taken under section 55 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 55] as that section contemplates only an action for the payment of money.

Section 55 provides, in part, as follows:

"If the plaintiff in any suit upon a contract, express or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment, as in case of default, unless the defendant, or his agent or attorney, shall file with his plea an affidavit, stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and specifying the nature of such defense, and if a portion specifying the amount (according to the best of his judgment and belief), upon good cause shown * * *."

The action of plaintiff in error is not a suit upon

a contract in express terms for the payment of money, but we are of the opinion that it is a suit, within the meaning of the statute, upon a contract in which the payment of money is implied. The action was to recover damages for an alleged breach of contract on the part of defendant in error to deliver lumber to plaintiff in error. If defendant in error failed to perform its part of the contract, an obligation is implied by law for it to pay such damages as the plaintiff in error has sustained. *Harty Bros. & Harty Co. v. Polakow*, 237 Ill. 559; *Chudnovski v. Eckels*, 232 Ill. 312. Counsel for plaintiff in error argues that "the statute was expressly confined to contracts *for the payment of money*." This contention is undoubtedly correct, but the statute is not limited to contracts *expressly* providing for the payment of money, but it also includes contracts in which the payment of money is *implied*.

The cases of *Chicago Mill & Lumber Co. v. Townsend*, 203 Ill. App. 457, and *Coursen v. Browning*, 86 Ill. 57, discussed in the brief of counsel for plaintiff in error in support of his contention, are not in point, as both involve contracts expressly providing for the payment of money.

Counsel for plaintiff in error further maintains that each of the cases of *O'Shea v. Farrelly*, 302 Ill. 126; *People v. Dummer*, 274 Ill. 637, and *Rae v. Hulbert*, 17 Ill. 572, "expressly holds that a contract *implied in law* is not an 'implied contract'" within the meaning of section 55 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 55]. Counsel is in error in his contention. In *O'Shea v. Farrelly, supra*, which was an action to recover a penalty inflicted by statute, the court held (p. 129) that "a right of action in debt for a penalty inflicted by statute cannot in any sense be considered either an express or implied contract." In *People v. Dummer, supra*, which was an action of debt to recover taxes, the court held that "a suit for taxes is not an action on a contract express or im-

plied.'' In *Rae v. Hulbert,* the court held that a judgment is not a contract within the meaning of the statute which provides that a defendant ''in any action brought upon any contract or agreement, either express or implied, having claims or demands against the plaintiff, may set up the same and have them allowed him on the trial.''

Counsel for plaintiff in error asserts that ''in the *O'Shea* case the Supreme Court specifically considered the earlier cases of *Harty Bros. & Harty Co. v. Polakow,* 237 Ill. 559, and *Chudnovski v. Eckels,* 232 Ill. 312, both of which are now relied on by defendant in error, and classified them as cases arising on contracts *implied in fact.''* Neither case referred to by counsel for plaintiff in error is mentioned in the *O'Shea* case. It is further maintained by counsel for plaintiff in error that: ''In both the *O'Shea* case and the *Dummer* case the Supreme Court clearly distinguished between contracts *implied in fact* and contracts *implied in law* and determined that the statutory phrase 'contract express or implied' is to be strictly limited to contracts implied in fact.'' The Supreme Court did not so hold in the *O'Shea* case and the *Dummer* case. The *Dummer* case expressly holds (pp. 640, 641) that: ''A contract may be *implied* where an *agreement in fact* is presumed from the act of the parties, and this is the proper meaning of an *implied contract.''* Furthermore, the case of *Harty Bros. & Harty Co. v. Polakow, supra,* in citing with approval the case of *Chudnovski v. Eckels, supra,* said (p. 565) that the court had held in that case ''that there is no distinction between contracts *implied by law* from the existence of a plain legal obligation, without regard to the intention of the parties, or even contrary thereto, and contracts *implied in fact,* from acts or circumstances indicating the mutual intention; that all alike come within the natural and usual meaning of the words 'implied contract.' ''

The next objection of plaintiff in error is that the entry of the judgment by default was erroneous because no leave had been obtained by defendant in error to file an affidavit of claim with its amended declaration; that no rule had been entered on plaintiff in error to file an affidavit of merits; and that it was error to strike the pleas from the files without notice to plaintiff in error.

There is no bill of exceptions in the record, and, therefore, it cannot be determined whether or not a motion was made by defendant in error for leave to file an affidavit of claim with its amended declaration. In order to present the question for review, it should have been preserved in a bill of exceptions. *Mann v. Brown,* 263 Ill. 394, 398; *Van Cott v. Sprague,* 5 Ill. App. 99. Furthermore, if plaintiff in error was of the opinion that the affidavit of claim was improperly filed because filed without leave, the proper practice would have been for plaintiff in error to move to strike the affidavit of claim from the files. If such a motion was not made ''the right to file the affidavit of claim stands unchallenged.'' *Terhune v. Weston,* 69 Ill. App. 249. There is no bill of exceptions to show whether plaintiff in error made such a motion. But leave of court was not required in order to file an affidavit of claim with the amended declaration. It is not necessary to obtain leave of court to file an affidavit of claim with an original declaration. The statute prescribes that it may be so filed. We can see no reason why leave should be obtained to file an affidavit of claim with an amended declaration. In *Honore v. Home Nat. Bank,* 80 Ill. 489, the court said (pp. 491, 492) that if an affidavit of claim is filed ''with the declaration, the requirement of the statute is complied with,'' and ''that whenever it is regular to file the declaration, the affidavit may be filed at the same time.'' The language of the court above quoted referred to an original declaration, but in the absence of some rule of practice or statutory provi-

sion to the contrary, it would seem to be equally applicable to an amended declaration.

In answer to the contention of counsel for plaintiff in error that there was no rule on plaintiff in error to file an affidavit of merits, and that, therefore, its pleas should not have been stricken from the files for failure to file the affidavit, it may be said that counsel is not in a position to raise this objection in the absence of a bill of exceptions. *Mann v. Brown, supra; Van Cott v. Sprague, supra.*

No rule, however, was required. Section 55 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 55] itself directs that if an affidavit of claim has been filed by the plaintiff, the defendant "shall file with his plea an affidavit" of merits, and that on failure to file such an affidavit, the plaintiff "shall be entitled to judgment, as in case of default."

The objection of counsel for plaintiff in error that the trial court erred in striking its pleas from the files without notice to plaintiff in error is not reviewable, because it is not preserved by a bill of exceptions. *Mann v. Brown, supra; Van Cott v. Sprague, supra.*

No notice, however, was required, as it was not necessary under the Practice Act to strike the pleas from the files. Advantage can be taken of the want of an affidavit of merits by motion for a judgment as in case of a default, without striking the pleas from the files. *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516, 521, 522.

Another objection of counsel for plaintiff in error is that "the damages, if any, were necessarily *unliquidated*" and that, therefore, it was erroneous to assess damages on the affidavit of claim; further, that "the damages could have been lawfully assessed only on a hearing and due notice."

There being no bill of exceptions in the record, it does not appear that the damages were assessed on the affidavit of claim or that the damages were assessed without a hearing and notice. In the absence

of a bill of exceptions it must be presumed that "legitimate evidence was introduced which fully authorized the judgment as rendered." *Kern v. Strasberger*, 71 Ill. 303, 306. Furthermore, the judgment itself recites that the court heard "all the allegations and proofs submitted herein by the plaintiff," and there being no bill of exceptions, it will be presumed that the proper procedure was followed by the court on the hearing.

The final objection of counsel for plaintiff in error is that the declaration "is substantially defective and will not support" the judgment for the reason that there is "no averment of a readiness on the part of the plaintiff to receive and pay." The objection of counsel must not be considered as if it arose on demurrer, but must be determined in view of the finding by the court and a judgment on the finding. *Wagner v. Chicago, R. I. & P. Ry. Co.*, 277 Ill. 114, 119. When thus considered, the declaration will not be held to be defective if the facts alleged will justify the inference that the plaintiff was ready and willing to receive and pay for the lumber.

In the case of *Wagner v. Chicago, R. I. & P. Ry. Co.*, *supra*, after holding that the rule for testing the sufficiency of a declaration is different after verdict from what it is on demurrer, the court said (p. 119): "After verdict the rule by which pleadings are construed against the pleader is reversed and anything necessary to be proved which may fairly be inferred from the declaration will be regarded as alleged."

The amended declaration alleges, in part, as follows:

"That on, to wit, May 22, 1919, the defendant sold to the plaintiff 100,000 feet of 5/4 soft elm and 50,000 feet of 6/4 soft elm; delivery to be f. o. b. cars Chicago, at prices as follows (stating them); that it was agreed that the bulk of the lumber was to be ready for delivery by August, 1919, and the balance later

Stevens-Jarvis Lumber Co. v. Quixley Lumber Co., 229 Ill. App. 419.

in the fall of 1919, and that shipping instructions were to be furnished by the defendant.

"That the plaintiff sent defendant bills of lading and shipping instructions; and that on, to wit, June 17, 1919, the defendant delivered to the plaintiff one car of 6/4 elm, but failed to deliver any of the 5/4 elm as requested by the plaintiff, and advised the plaintiff that there would be some delay in shipping the 5/4 elm but that the order would be filled.

"That on, to wit, September 11, 1919, the plaintiff requested the delivery of the 5/4 elm and the balance of the 6/4 elm, to which the defendant replied that it expected to fill the order and that shipment would be made as soon as the lumber was available.

"And thereafter the plaintiff continued to ship the 6/4, but continued in default as to the 5/4 elm, and the plaintiff thereupon solicited bids for 5/4 elm in the open market, and on to wit, September 27, 1919, advised the defendant of quotations received, requesting the defendant to grant plaintiff permission to buy the needed stock at said market prices if the defendant was unable to furnish the lumber; but defendant would not agree.

"That relying on the promises of the defendant, the plaintiff waited for the 5/4 elm until January 7, 1920, when the plaintiff notified the defendant that if shipment was not made within 90 days the plaintiff would buy in the open market and hold the defendant for the difference in price; but that the defendant failed to ship the lumber and the plaintiff purchased like lumber and was compelled to pay therefor a larger sum of money in excess of the contract price, to wit, $6,000."

From the allegations in the amended declaration, it will be seen that part of the lumber was actually received by defendant in error and that for the delivery of the balance, defendant in error made repeated and insistent demands. Defendant in error notified plaintiff in error that if delivery was not made in ninety days, it would buy in the open market and hold plaintiff in error for the difference in price. On the failure

of plaintiff in error to deliver the balance of the lumber, defendant in error went into the open market and bought and paid for lumber at a greater price than that agreed on in the contract.

We are of the opinion that the inference is clear that defendant in error was ready and willing to receive and pay for the lumber.

Judgment affirmed.

McSURELY, P. J., concurs.

MATCHETT, J., dissents.