(No. 22407.—

ARTHUR A. MARER & CO., Appellant, *vs.* THE ESTATE OF M. J. WOLFORD *et al.* Appellees.

*Opinion filed February 15, 1935.*

HUTTON & CLARK, for appellant.

JAMES C. WOODBURY, GUNN, PENWELL & LINDLEY, and ACTON, ACTON & BALDWIN, for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

A claim in the sum of $80,599 in favor of the appellant, Arthur A. Marer & Co., was allowed in the probate court of Vermilion county against the estate of M. J. Wol-

ford, deceased. On appeal to the circuit court of that county, and after the claim was amended, the issues were found favorably to the estate and judgment was entered in bar of the claim. An appeal was then taken to the Appellate Court, which reversed the judgment and remanded the cause, with directions to the circuit court to dismiss the claim at the cost of the appellant, principally because the amendment to the claim in the circuit court had stated a new cause of action. It is to be noted that the judgments rendered in both the circuit and Appellate Courts were adverse to the appellant. A certificate of importance granted by the Appellate Court brings the cause here.

It is not necessary in this review that we set forth the voluminous facts and different contracts involved in the various proceedings, as we are not in a position to review the case on its merits. The Appellate Court held that the circuit court was without jurisdiction to entertain, on appeal, a new and original claim not adjudicated in the probate court. In reaching this conclusion the Appellate Court held that the only ground of liability stated by the claim filed in the probate court was that Wolford was a director of the Danville Hotel Company, a corporation, and was liable because that company had contracted indebtedness beyond its assets at a time when it was insolvent. It held that the statutory liability of a director, had Wolford been one, ceased at his death, since that liability is in the nature of a penalty. It further held that the amendments to the claim made in the circuit court stated a new cause of action, and that while amendments could be made after an appeal to that court from the probate court, they must be amendments of a claim already filed in the probate court and not amendments stating a new cause of action and thus amounting to a new and different claim.

Without considering the legal conclusions reached by the Appellate Court we must disagree with its opinion in one essential particular—*i. e.,* that the original claim was

based solely upon Wolford's liability as a director. There were two separate grounds of liability stated in the claim filed in the probate court. The first was that Wolford guaranteed to pay for certain merchandise furnished by the appellant if the Danville Hotel Company did not pay for it; that the appellant had performed its contract as fully as permitted; that the hotel company had not paid and no one else had paid in its behalf; that the hotel company was bankrupt, and that by reason of his promises Wolford's estate was liable. The second ground was that as a director of the hotel company Wolford had become liable under the statute.

It seems clear from the opinion rendered that the Appellate Court did not decide the case on its merits but reversed the judgment and remanded the cause with directions to the circuit court to dismiss the claim for want of jurisdiction to consider it in its amended form. The only matter before us for review in this proceeding is the judgment of the Appellate Court. This court has uniformly. held that where the Appellate Court has not considered a given case upon the merits raised by the assignment of errors but has reversed or affirmed upon a jurisdictional question or for causes other than upon a review of the merits, it becomes our duty, if we disagree with its judgment, to reverse it and remand the cause to that court with directions to consider the errors assigned. *Harty Bros.* v. *Polakow,* 237 Ill. 559; *O'Connor* v. *Evanston High School District,* 285 id. 120; *People* v. *Elbert,* 287 id. 458; *Central Illinois Public Service Co.* v. *City of Sullivan,* 294 id. 101.

The judgment of the Appellate Court is therefore reversed and the cause is remanded to that court for its consideration upon the merits.                *Reversed and remanded.*