## OTIS PEIRCE *vs.* CITY OF BOSTON.

Taxes, being neither judgments nor contracts, are not the subject of set-off, under the provisions of the Rev. Sts. *c.* 96.

HUBBARD, J. This is an action of assumpsit, brought to recover a sum of money due to the plaintiff for his services as a teacher in one of the public schools in the city.

The right of the plaintiff to a judgment in his favor is resisted, on the ground that his demand, before the commencement of the suit, was assigned to Joel Peirce, and by him to George Odin, for whose benefit the action is brought ; and as against George Odin, and in like manner as if he were the plaintiff in the suit, the defendants claim to set off certain taxes assessed upon the said George Odin and Reuben Richards, as assignees of John Odin, by the proper authorities of the city ; which taxes were unpaid at the time when the services were rendered by the plaintiff, and still remain unpaid.

The question submitted to the court for its decision is, whether such set-off can legally be made. It is contended by the defendants, that these are mutual demands between the parties, and that, by force of the Rev. Sts. *c.* 96, the one demand may be set off against the other, and judgment be given for the balance. Two objections are made to such an allowance ; the one, that the demand of the defendants is not of the nature contemplated by the statute ; and the other, the want of mutuality in the parties.

The right to set off mutual debts has long been recognized ; but while the principle has been acknowledged, the application of it has been restrained within circumscribed limits. The *St.* of 1784, *c.* 28, § 12, provided that in actions brought to recover the amount of an account, or for services rendered, the defendant might file any account he had against the plaintiff, by way of set-off to the plaintiff's demand. By *St.* 1793, *c.* 75, § 4, the remedy was extended, so that in actions brought for any debt upon simple contract or promise in writing not under seal, defendants might file in set-off any demands against plaintiffs for

goods delivered, moneys paid, or services done. By the Rev. Sts. *c.* 96, this right is greatly extended, and not only accounts and claims for services, or for goods delivered, may now be set off, but also demands founded on judgments and on contracts express or implied, and with or without seal. But notwithstanding this enlargement, the counsel for the plaintiff contends that taxes, assessed upon a citizen, are neither demands founded on a judgment, nor contracts between parties. To which it has been ingeniously replied by the learned counsel for the city, that the assessment of taxes is a judgment, and the warrant to collect them an execution founded upon such judgment ; and if not technically a judgment at the common law, yet that it is substantially a judgment, and within the intent and meaning of the statute. But we are of opinion, that this position cannot be successfully maintained ; for though the right of set-off is enlarged, the language of the statute is still precise and definite. "No demand shall be set off, unless it is founded upon a judgment or upon a contract ; but the contract may be either express or implied, and with or without a seal." Rev. Sts. *c.* 96, § 2.

Judgments are the judicial sentences of courts, rendered in causes within their jurisdiction, and coming legally before them, and are conclusive in all cases where no appeal or writ of error lies, and cannot be inquired into or controverted.

Taxes are those proportional and reasonable assessments and duties which may, by virtue of the constitution, be imposed from time to time, by the General Court, upon the inhabitants of the Commonwealth, for the necessary defence and support of the government, and for the protection and preservation of the rights, and to promote the interests, of the people. They do not partake of the nature of judgments. The imposition and collection of them are ministerial acts, and are the proper subjects of inquiry, as to the manner of their assessment and the mode of their enforcement, in the judicial forum ; and for the collection of them, no right of action is given, (with a few special exceptions, growing out of the death of parties, or their removal out of the collector's precinct, or on the marriage of females,) nor can they be turned into judgments. Nor are taxes contracts

between party and party, either express or implied ; but they are the positive acts of the government through its various agents, binding upon the inhabitants, and to the making or enforcing of which their personal consent, individually, is not required. With this view of the statute, we are of opinion, that the defendants' claim is not one which can be set off under any of its provisions.

This opinion renders it unnecessary to consider whether the demands of the plaintiff and the city are such mutual demands as are the subject of set-off.

Conformably to the agreement of the parties, an assessor will be appointed to ascertain the amount due from the city, unless the parties agree upon the same.

G. *Minot*, for the plaintiff.

J. *Pickering*, (City Solicitor,) for the defendants.