## JOY & CARR *v.* DYER H. HILL.

*Motion in Arrest. Misjoinder. Pleading. Defective Count.*

A motion in arrest of judgment will prevail on the ground that counts in *case* sounding in *tort* were joined with counts sounding in *contract.*

When one of the counts in a declaration is defective, and the verdict general, judgment will be arrested. BARRETT, J.

ACTION ON THE CASE for a false warranty of a horse, in four counts. Plea, the general issue, and trial by jury, June Term, 1862, POLAND, CH. J., presiding. The plaintiffs' evidence was that on the occasion of the purchase of the horse in question by

Joy & Carr *v.* Hill.

the plaintiffs of the defendant, the plaintiffs told the defendant they did not wish to purchase the horse unless he was sound, and wanted a warranty, and that the defendant replied that he would warrant the horse sound in every respect.    The defendant's testimony was that  he  answered  the  plaintiffs,  by  saying  that  he  would warrant  the  horse  sound wind  and  limb,  and  that he made no other  reply.    The  plaintiffs'  testimony tended  to  prove  that at the time of  the purchase of  the horse he was unsound, and was infected with the disease called the glands and also a permanent defect or weakness in one eye.    The defendant's evidence tended to prove that the  horse  was  sound.    The  defendant's  counsel claimed that if the reply of the defendant was as he claimed, that he would warrant the  horse sound wind and limb, then the plaintiff's declaration declaring on a general warranty was not proved  but  only  a  special  and limited  warranty.    But  the court charged the  jury that if  they found that the defendant's reply was as he claims, still if from all that was said between the parties at the time they found that the intention and understanding of the parties was that the defendant made a general warranty of soundness of the horse, the declaration would be supported in that respect.    No other question of  law arose on  the trial, and no objection  was  taken  to  the  charge except in this particular. To this the defendant excepted.    The whole case went upon the ground of  an express warranty and breach of  it, and not on the ground of a deceit.    Verdict for the plaintiffs.

After verdict the defendants filed a motion in arrest of judgment on the ground of  a misjoinder of  counts in *case* for deceit and  fraud with counts in  *assumpsit*, founded upon promises of the defendant ; and also that each count was defective and insufficient.    The court overruled the motion,—to which the defendant excepted. ·

*Ossian  Ray* and *O. F. Harvey*, for the defendant.

The exceptions state that the whole case went upon the ground of an express warranty and not upon the ground of a deceit. Under these circumstances the  contract must be proved as laid. *Wright* v. *Geer*, 6 Vt. 151. ·   And a variance in any one feature

of the contract is fatal whether the action be in form *ex contractu* or in *tort.* *Vail* v. *Strong*, 10 Vt. 457.

The last count in the plaintiff's declaration is fatally defective, there being no averment of the sale of the horse by the defendant, or of the purchase of it by the plaintiffs, and the verdict being general, upon all the counts, judgment should be arrested. *Bloss* v. *Kittridge*, 5 Vt. 28 ; *Hazelton* v. *Weare*, 8 Vt. 480, 484 ; *Harding* v. *Cragie*, *ib.* 501 ; *Walker* v. *Sargeant*, 11 Vt. 327 ; *Needham* v. *McAuley*, 13 Vt. 68 ; *Sylvester* v. *Downer*, 18 Vt. 32 ; Gould's Pl. ch. 10, § 58, *note* 7 ; 10 Coke, 131 ; 2 Saund. 307 ; 3 Wils. 185 ; 6 T. R. 694. Judgment should be arrested here because the plaintiff's have joined *case* with *assumpsit.* The 3d count of the declaration is *assumpsit* upon the defendants' promise while the others are in *case* for his fraud and deceit. The joinder in action often depends on the *form* of the action rather than on the *subject matter* or *cause* of action. Chitty's Plead, (star paging,) 199, *et. seq.*

*Stoddard & Clark*, for the plaintiffs.

If there are several counts, some good and sufficient to sustain the verdict, and some bad, and a general verdict is rendered, it will be sustained, unless it appears that the finding proceeded upon the defective counts. *Camp* v. *Barker et al.*, 21 Vt. 469 ; also *Whitcomb* v. *Wolcott*, *ib.* 368. Especially if it appears that the evidence was proper to maintain, and applicable to the good counts, and that there was no evidence but what might have been applied to the good counts. *Sullivan* v. *Holker*, 15 Mass. 374 ; *Baker* v. *Sanderson*, 3 Pick. 348 ; *Payson* v. *Whitcomb*, 15 Pick. 212 ; *Patten* v. *Gurney*, 17 Mass. 182 ; *McDuffee* v. *Magoon et al.*, 26 Vt. 518 ; *Whitcomb* v. *Wolcott*, 21 Vt. 368 ; *Camp* v. *Barker. et al*, *ib.* 469.

But conceding for the sake of argument that there is a misjoinder, we think it now too late to take advantage of it, as no objection was taken at the trial on this account. *Barnes* v. *Hurd*, 11 Mass. 57 ; *Brown* v. *Waterman*, 10 Cush. 117.

If a case appears to have been tried on its merits and the issue taken determines the merits, and substantial justice has

been· done, the court ought not to arrest judgment on mere · technical grounds. *Barny* v. *Elias & Bliss*, 2 Aik. 60 ; *Brown* v. *Waterman*, 10 Cush. 117 ; *F. & M.* v. *Flint*, 17 Vt. 508.

The court will not set aside a verdict, or arrest judgment, when the defect in the pleading could have been cured by leave to amend, or by direction of the court, on request of the defendant to apply the evidence to certain good counts. *Brown* v. *Waterman*, 10 Cush. 117 ; *Barnes* v. *Howe*, 17 Mass. 57 ; *Britnall* v. *R. R. Co.*, 32 Vt. 665, and other cases cited above.

BARRETT, J. In this case the 1st, 2d and 4th counts are in *case* for false warranty in the sale of a horse. The 3d count is in *assumpsit*, counting upon an express warranty. A general verdict was rendered for the plaintiffs. The case was tried upon the general issue ; but the bill of. exceptions does not say on what form of plea. It is stated in the exceptions, that " the whole case 'went upon the ground of an express warranty and the breach of it, and not upon the ground of a *deceit*." By which we understand that the evidence offered went only to show that an express warranty, *proprio vigore*, was the sole ground of action and recovery.

Each count, except the 4th, is in itself technically good and sufficient. The 4th count is clearly bad, for the reason that it does not aver the purchase of a horse by the plaintiffs, which is necessary in order to show a consideration for the alleged warranty. The motion in arrest brings in question the validity of the verdict, as affected by its being general and covering the bad count as well as the good. Without saying whether certain *dicta* in opinions in more recent cases have overruled and abrogated the law as declared by REDFIELD, J., in *Wood* v. *Scott*, 13 Vt. 47, thus: "It is now too well settled to be brought in question that when one of the counts in a declaration is defective, and the verdict general, judgment will be arrested ; " and by ROYCE, J., in *Sylvester* v. *Downer*, 18 Vt. 32, thus: "If that count (the 2d in the declaration then in question) was fatally defective after verdict, the motion in arrest should have prevailed, though other ·counts not liable to the objection were

covered by the verdict,"—citing cases in the 8th Vt., 11 *ib.* and 13 *ib.;* and without saying whether, if the law in this respect is not abrogated, the case discloses enough to enable the court to refer the evidence and the verdict to the good counts only, we think there is another ground on which the motion in arrest should prevail, viz. : the misjoinder of counts.

The first two counts must be regarded as in *case,* sounding in *tort.* The reason and principle are well developed in the argument of the plaintiffs' counsel, and the opinion delivered by Judge PADDOCK, in *Beeman* v. *Buck,* 3 Vt. 53.

The 3d count can be regarded only, and exclusively, as *assumpsit* on an express warranty. Only by force of an express warranty would the plaintiffs be entitled to recover under that count. *Deceit* is not the *gravamen* of the count ; and however strong a case of deceit might have been proved, still, without having proved an express warranty the plaintiffs would have been entitled to recover only under the 1st and 2d counts. This tests and shows the difference, and the distinction to be taken, between the 3d count and the first two counts. Though it is held, as a rule of evidence, that, under the *warrantizando vendidit,* the plaintiff may recover on proof of an express warranty, without proving the *scienter,* on the ground that *deceit* would be implied from the broken warranty. Yet it has not been held, that, when the plaintiff should fail to prove an express warranty he could recover under such count, without proving affirmatively deceit and fraud in fact, in all their legal elements.

That *case,* sounding in *tort,* cannot properly be joined with counts, sounding *in contract,* is quite too elementary in one's early professional readings to justify any remarks on the subject. The effect of such joinder of counts is very intelligibly expressed in Chitty's Plead. 206, 9th Am. ed., in the following language.

" The *consequences* of a *misjoinder* are more important than the circumstances of a particular count being 'defective ; for in the case of a misjoinder, however perfect the counts may respectively be in themselves, the declaration will be bad on general demurrer or in arrest of judgment, or upon error." Several authorities cited in the margin would seem sufficient to preclude any doubt

as to the correctness of the proposition in the text. Gould's Plead. ch. IV. § 87, propounds the same rule of law, and cites several books of authority upon the point.

The charge of the court we think to be unexceptionable ; and we regret the existence of occasion for reversing the judgment on the motion in arrest. But it cannot be regarded as unduly burdensome to the profession to be required, even in these modern days of improved light and knowledge, to accord to the cherishing mother of all good lawyership an occasional recognition of some of the old, and yet unrepealed rules of common law pleading. And in this connection I take occasion, for myself, to say, by way of protestation, that I think the rule, as to the effect of a bad count upon a general verdict, leaving such count with others that are good, " still lives," notwithstanding the gratuitous upbraiding it has received, *obiter*, from some judges. Such treatment may cast discredit upon the subject of it, but can hardly be regarded as authoritative in abrogation of well established principles and rules of law.

The judgment is reversed.