## CHARLES WHEELER v. JAMES WILSON & TR.

*Pleading. Collector. Assumpsit. Case. Tax. Implied Promise. Construction of Statutes—R. L. s. 2. Consideration. Specification.*

1. In an action given by the statute—R. L. ss. 407–8*—to a collector against a taxpayer, the count is a count in *assumpsit*, when it is alleged that the plaintiff was collector of taxes for, &c.; that he has in his hands certain taxes named against the defendant, which were legally assessed and delivered to him as such collector for collection, and which are now due and unpaid against the defendant, which he is legally obliged to pay, and neglects and refuses to pay, although there is no allegation that the defendant promised to pay. Distinction between case and *assumpsit* stated.
2. As the statute authorizes the collector to commence suit "in his name," it is not a misjoinder to join two counts, when by one the defendant is attached to answer the plaintiff in his individual, and by the other, in his official, capacity.
3. When a statute prescribes the necessary requisites of a good declaration, none other need be added.
4. The statute impliedly prescribes that the action shall be *assumpsit*, by prescribing that the action, though unnamed, shall be by trustee process.

* R. L. s. 408. The declaration in such case shall be sufficient if it states that the plaintiff is collector and has a tax due and unpaid against the defendant.

Wheeler v. Wilson.

5. The first and third counts, q. v., are sufficient; and are not demurrable for duplicity, although in each the state, state school, and town taxes are sought to be recovered.

6. The statute is remedial. The word "tax"—R. L. s. 2—may mean "taxes."

7. The allegation that the plaintiff was collector, and as such holds the taxes named due and unpaid against the defendant, is by force of the statute a legal consideration for the promise implied from the defendant; and the plaintiff could recover the tax at any time within three years.

8. The defendant would be entitled to a specification.

ACTION to recover taxes. Heard on demurrer to the declaration, September Term, 1883, Orleans County, REDFIELD, J., presiding. Demurrer overruled. The writ was dated March 4, 1882.

The first count:

"That the said Charles Wheeler on the first Tuesday of March, A. D. 1880, and from thence to the first Tuesday of March, A. D. 1881, was the legal constable and collector of taxes in and for the town of Brownington, in the county of Orleans; and that the plaintiff as such constable and collector of taxes has in his hands for collection a state tax amounting to eleven dollars and sixty-four cents, and a state school tax amounting to the sum of two dollars and thirty-three cents, and a town tax amounting to the sum of forty-three dollars and sixty-five cents, making in the whole the sum of fifty-seven dollars and sixty-two cents, all which taxes were legally assessed and delivered to the plaintiff as such constable and collector for collection during his said official year; all which taxes are now due and unpaid against the defendant James Wilson; and all which taxes the said James Wilson is legally obliged to pay, and which said James Wilson wholly neglects and refuses to pay, all which is to the damage of the plaintiff two hundred dollars."

Second count:

"That the said defendant at Brownington on the day of the date of this writ, being indebted to the plaintiff in the sum of two hundred dollars for goods, wares, and merchandise, sold and delivered by the plaintiff to the said defendant at the said defendant's request; and in a further sum of the same amount for money by the plaintiff lent to the said defendant at the said defendant's request; and in a further sum of the same amount for money by the plaintiff paid for the use of the said defendant at the said defendant's request; and in a further sum of money of the same amount for money had and received by the said defendant to the plaintiff's use; and in a further sum of the same amount for interest for the plaintiff's forbearance at the said defendant's request of moneys due and owing from the said defendant to the said plaintiff; and in a further sum of the same amount for money found to be due from the said defendant to the said plaintiff on account stated between them; and also for the use and occupation of a certain messuage, tenement, and land of the plaintiff, situated in _____ , in the County of _____ , by the said defendant at request and by permission of the plaintiff, for the space of _____ before that time elapsed, used, occupied, and enjoyed, in consideration thereof promised to pay the said several sums to the said plaintiff on demand, yet no part of said sums has ever been paid."

Amended count:

"That the defendant at Brownington, in the County of Orleans, on the day of the date of the writ in this cause was indebted to the plaintiff in the sum of fifty-seven dollars and sixty-two cents for the amount of state, state school tax, and town taxes duly assessed upon the defendant in and for the year 1880, in said Brownington, where he then inhabited, and which taxes were with others committed to the plaintiff to collect, in consideration thereof then and there, on the day of the date of this writ, promised the plaintiff to pay him that sum on demand; and the plaintiff avers that he is the collector of said town of Brownington, and has said taxes due and unpaid against the defendant; yet, though often requested, he, the defendant, hath never paid said sums, or either of them, but wholly refuses and neglects so to do."

*Edwards, Dickerman & Young,* for the plaintiff.

*L. H. Thompson,* for the defendant.

The opinion of the court was delivered by

Ross, J.　I.　The first question raised by the demurrer is, whether the first count of the declaration is a count in case, or in assumpsit. If in case, the second and third counts being counts in assumpsit, there is a fatal misjoinder. *Joy v. Hill,* 36 Vt. 333.

The first count in substance alleges, that the plaintiff was the collector of taxes for the town of Brownington for the current year, commencing March, 1880, and has in his hand certain taxes named against the defendant, which were legally assessed and delivered to him as such collector for collection during that official year, and which are now due and unpaid against the defendant, which the defendant is legally obliged to pay, and which he neglects and refuses to pay, to the damage of the plaintiff, &c.

Sections 407 and 408, R. L., enact, that a collector, having an unpaid tax against a person who has not known personal property in the State sufficient to pay the tax, may, in his name, commence a trustee suit upon such tax against such delinquent; and the same proceedings shall be thereupon had, and the trustee shall be chargeable as in other trustee suits, &c.; and that "the declaration in such case shall be

sufficient if it states that the plaintiff is collector, and has a tax due and unpaid against the defendant." Inasmuch as the trustee process is only authorized in actions founded on contract, express or implied, as in actions of assumpsit—R. L. s. 1067—the statute by prescribing that the action shall be by the trustee process, impliedly prescribes that the action, though unnamed, shall be that of assumpsit.

The count contains all the elements required by the statute. The question is, is it a count in case, or a count in assumpsit? The statute is not specially counted upon. It need not be, says Collamer, J., in *Danville* v. *Putney*, 6 Vt. 512: " A general statute need never be declared on, except in criminal or penal cases. The first count avers all things required by the 11th section, and thus stating the liability thereupon raises the assumpsit, without setting up or expressly declaring upon the statute." Says Mr. Chitty, in his work on pleading, p. 106: " Though a statute may in some respects be considered as a specialty, yet assumpsit may be supported for money, &c., accruing due to the plaintiff under the provisions thereof, he not being thereby restricted to any other particular remedy." By the statute under consideration, an action is given to the plaintiff for money accruing due to him under the provisions of the statute, nor is he restricted to any particular remedy. Applying the language of Collamer, J., *supra*, the count states the liability of the defendant, and thereby raises the assumpsit, the statute being general, and the action of a civil nature. If the pleader had added, as in the third count, " that the defendant promised to pay said taxes," he would have added nothing to the legal quality of the count. The defendant never expressly promised to pay the plaintiff the taxes. The only promise is that which the law raises or implies, under the statute, from the facts stated. When the proper facts are stated, the implied promise arises, as really without the pleader alleging the promise as it would if a promise was averred. So

far as is disclosed by the printed case, the first count in the declaration in *Pawlet* v. *Sandgate*, 19 Vt. 621, which was a count upon the statute for the recovery of the expense of supporting a pauper, belonging to the defendant, who was ordered to remove from the plaintiff, but who was sick and unable to be removed, did not allege any promise, and yet the count was held to be a count in assumpsit. It was also held that assumpsit was the proper form of declaring for the compensation for the support of the pauper while sick, given by the statute, the statute not having prescribed the form of action, and that too, although the compensation for such support was unliquidated. In the opinion, *Rann* v. *Green*, 2 Cowp. 474, which was assumpsit on a private act of Parliament, and in which Lord MANSFIELD says the statute was the only ground of action, and that without it there was no power to make the order, but when it was made, *the law raised assumpsit*, is cited with approval. But if we look for the distinctive elements of a count in case we shall find them wanting in this count. Says ALDIS, J., in *Wright* v. *McKee*, 37 Vt. 165: "The gist of the matter and the allegation which especially distinguishes the counts in *case* from those in *assumpsit* is the omission of the consideration and the averment of negligence." In the count in question, there is no averment of negligence, and there is an allegation of a consideration, declared by the statute to be a sufficient legal consideration, the duly assessed, unpaid taxes against the defendant in the hands of the plaintiff as collector thereof. On these authorities, we think, the plaintiff's first count must be held to be a count in assumpsit. There was, therefore, no misjoinder of counts, and that cause of demurrer must be overruled.

II. The defendant is attached to answer the plaintiff in his individual capacity, and not in his representative or official character. The statute gives him the right to sue as an individual,—"in his name" is the language of the statute.

This is not varied by the provision, making an allegation that he is collector a requisite element of the consideration. The declaration is not demurrable on the ground that in the first and third counts the plaintiff declares in his official character, while in the second count he declares in his individual capacity. The entire declaration is "in his name" as an individual, as given by the statute. If the second count is held, as perhaps it must be, a count for the recovery of claims due from the defendant to the plaintiff as an individual, and the first and third counts for the recovery of taxes due to him as collector, inasmuch as the statute gives him the right to recover the latter in his own name as an individual, there is no misjoinder in said counts.  *Aiken* v. *Bridgman*, 37 Vt. 249.

III.   The statute having prescribed the necessary requisites of a good declaration, none other need be added.   It was not necessary, therefore, to allege a legal demand of the taxes before suit, nor that the defendant had not known personal property in the State sufficient to pay the tax, nor that the defendant was a ratable inhabitant and tax-payer in the town at the time the taxes were assessed, nor that the taxes were assessed on legal grand lists.   It may be that these would have to be proved on the trial, in order to entitle the plaintiff to a recovery.

IV.   The statute—R. L. s. 379—gives a collector the right to collect a tax at any place within the State, at any time within three years from the time of receiving the tax bill. This makes him collector of such taxes for three years after receiving them.   The suit was brought in March, 1882.   The first count avers that the plaintiff, as collector, has in his hands for collection the taxes enumerated; and the third count alleges that the plaintiff is the collector of said town, and has the taxes due and unpaid against the defendant. These allegations state that the plaintiff is collector, as re-

quired by the statute, and are sufficient. *State* v. *Norton*, 45 Vt. 258. The demurrer on this ground cannot be sustained.

V. The defendant contends, that the first and third counts are demurrable for duplicity, because in each the state, state school, and town taxes are sought to be recovered. He relies upon the language of the statute giving the requisites of the declaration, " has a tax due and unpaid against the defendant," and upon the fact that the several taxes are each raised and assessed in a different way, and may be assessed upon different grand lists. The statute is remedial. It cannot well be contended that the legislature intended that a separate action should be brought upon each tax, thereby largely augmenting the costs of collection to the defendant; nor, having given a simple and condensed statement of what the declaration should contain, that the declaration should contain a separate count for each separate tax held by the collector; as the language is, we think, subject to the rule of construction of statutes contained in sec. 2, R. L., providing that " words importing the singular number may extend and be applied to more than one person or thing." Especially should this be so, in construing this statute, which converts a tax duly assessed, remaining unpaid in the hands of the collector, for the purpose of collection, into a debt due from the tax-payer to the collector. The statute manifestly was intended to cut directly across all technical rules of pleading, in furtherance of a speedy and certain collection of such taxes. Doubtless, under the third count, which states the aggregate amount of the several taxes named, the defendant would be entitled to a specification of the amount claimed under each tax. But as the count states the whole amount claimed, it is not subject to demurrer for failing to state the amount of each, inasmuch as the statute, for the purpose of collection, converts the aggregate amount into a

debt against the defendant, and does not prescribe that the declaration shall set forth in detail the various steps necessary to be taken in the due raising and assessment of the taxes sought to be recovered.

VI. The only other cause for demurrer insisted upon, is that the third count does not disclose a legal or sufficient consideration for the promise therein alleged. If we are correct in regard to the nature of the action, and in the views expressed, in regard to the elements of the first count, the allegation, that the plaintiff is collector, and as such holds the taxes named due and unpaid against the defendant, is by force of the statute a legal consideration for the promise, which is raised or implied from the defendant, to pay the taxes to the plaintiff.

On these views, the County Court properly overruled the demurrer, and adjudged the declaration sufficient; and that judgment is affirmed.