THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, vs.
W. F. DUMMER, Appellant.

*Opinion filed October 24, 1916.*

1. CONTRACTS—*what is an express contract.* A contract is ex-
press where the terms of the agreement are declared by the par-
ties in writing or verbally at the time it is entered into.

2. SAME—*what is an implied contract.* A contract is implied
where an agreement in fact is presumed from the acts of the par-
ties; and this is the proper meaning of an implied contract.

3. SAME—*difference between an express and implied contract.*
The only difference between an express contract and an implied
contract, in the proper sense, is, that in the former the parties ar-
rive at an agreement by words, either verbal or written, while in
the latter the agreement is arrived at by a consideration of their
acts and conduct.

4. SAME—*what are constructive contracts created by law.* The
term "implied contract" has been applied to a class of obligations
which are created by law without regard to the assent of the party
upon whom the obligation is imposed, on the ground that they are
dictated by reason and justice, and they are not contract obliga-
tion in the true sense, as there is no agreement of the parties.

5. SAME—*example of a constructive contract created by law.*
A case of a constructive contract created by law is where one has
received money or its equivalent under such circumstances that in
equity and good conscience he ought not to retain it but it belongs
to another, and the right to recover it does not depend on any
principle of contract but is governed by rules of equity, although
the money may be recovered in an action in form *ex contractu.*

6. SAME—*intention of parties is disregarded in a constructive
contract created by law.* The liability on a constructive contract
or obligation created by law exists from an implication of law
arising from the facts and circumstances independent of an agree-
ment, and the idea of a contract is purely fictitious, since there
are none of the elements of a contract present and the intention
of the parties is entirely disregarded.

7. SAME—*difference between an express contract, implied con-
tract and constructive contract created by law.* The difference be-
tween an express contract and an implied contract is in the means
of proof, whether by words or by conduct, while in constructive
contracts created by law the liability exists from an implication of
law arising from facts and circumstances independent of intention,

and such obligations are contracts merely in the sense that there is a remedy in assumpsit.

8. TAXES—*mere existence of duty to pay taxes does not raise implied promise to perform.* The mere existence of the duty to pay taxes lawfully assessed is not different from any other duty owing to the government, the public or individuals, and the law does not imply a contract to do a thing merely because there is a duty to do it.

9. SAME—*taxes are not debts, and there is no contract implied in law or in fact that they will be paid.* Taxes being enforced contributions demanded by the sovereignty as burdens or charges on persons or property for public purposes, they are not debts, do not create the relation of debtor and creditor, or rest upon a contract, express or implied, in fact or in law, that the owner of the property will pay them.

10. SAME—*remedy by suit for the collection of taxes may be implied.* A remedy by suit for the collection of taxes may be given by statute, either directly or by implication, and if no specific remedy is directly given, the presumption that a remedy by suit is intended is reasonable.

11. SAME—*fact that remedy is by suit for collection of taxes does not change tax obligation into a contract.* The fact that a remedy is by suit for the collection of a tax does not change the nature of a tax and make that a contract, express or implied, which is not such in fact.

12. SAME—*tax is not a contract obligation merely because statute allows its recovery in action of debt.* Section 230 of the Revenue act provides that the county board may institute suit in an action of debt in the name of the People, in any court of competent jurisdiction, for the recovery of any personal property tax, but the provision that the suit may be in debt does not determine that the obligation arises out of a contract, either express or implied.

13. SAME—*promise to pay need not be alleged in suit to collect taxes.* Where a statute provides expressly that an action may be brought for the collection of taxes, and, impliedly, that such action shall be, in form, assumpsit, it is sufficient, in charging liability, to state the facts which create liability without alleging a promise to pay.

14. SAME—*assumpsit may, by statute, be used for recovery of taxes.* The action of assumpsit, which originally was invariably classed among actions on the case for tort and is still an action of trespass on the case on promises, may, by statute, be employed for the recovery of taxes without any implication of an implied contract to pay them.

15. SAME—*municipal court has no jurisdiction of suit for taxes on ground of implied contract.* A suit for taxes is not an action on a contract express or implied, and though the amount claimed exceeds $1000, the municipal court of Chicago cannot exercise jurisdiction under clause (*a*) of section 2 of the Municipal Court act.

16. ACTIONS AND DEFENSES—*when an action of debt lies.* The action of debt lies for the recovery of a sum certain, whether arising by contract or imposed by law, and lies for the recovery of any liability where the sum is certain or is capable of being readily reduced to a certainty.

APPEAL from the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding.

WILLIAM ANNAN TAYLOR, and SCOTT, BANCROFT, MARTIN & STEPHENS, for appellant.

MACLAY HOYNE, State's Attorney, (MORRIS SCHAEFFER, and HENRY A. BERGER, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The People of the State of Illinois, appellee, brought two suits in debt, as cases of the first class, in the municipal court of Chicago against W. F. Dummer, appellant, and filed statements of claim for taxes alleged to be due from the appellant on his personal property in the town of North Chicago. The cases were consolidated and an amended statement filed, including taxes for the years 1907 to 1914, inclusive. The appellant's affidavit of merits set up various defenses against the claim and the issue was tried by the court without a jury, resulting in a finding and judgment against appellant for $19,415.99 and costs, from which he appealed.

It is assigned for error that the municipal court had no jurisdiction of the cause of action, and that the judgment is void for that reason.

By the act creating the municipal court, jurisdiction was conferred upon it in six classes of cases. Cases of the first class are those in which the amount claimed by the plaintiff exceeds $1000, and if the municipal court had jurisdiction of this case it was by virtue of its being a case of that class. Such cases are defined by section 2 of the statute as follows: "Cases to be designated and hereinafter referred to as cases of the first class, which shall include (a) all actions on contracts, express or implied, when the amount claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars ($1000); (b) all actions for the recovery of personal property when the value of the property sought to be recovered as claimed by the plaintiff exceeds one thousand dollars ($1000); and (c) all actions for the recovery of damages for the conversion of personal property, and actions for the recovery of damages for injuries to personal property, when the amount of damages sought to be recovered, as claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars ($1000.)" This action not being for the recovery of personal property or for the recovery of damages for the conversion of or injuries to personal property, it did not come under division (b) or (c), and could only come, if at all, under division (a), conferring jurisdiction in actions on contracts, express or implied, and that is the claim of counsel for appellee.

A contract is an agreement between competent parties, upon a consideration sufficient in law, to do or not to do a particular thing. (2 Blackstone's Com. 442; 2 Kent's Com. 449; 1 Parsons on Contracts, sec. 1.) It may be express where the terms of the agreement are declared by the parties in writing or verbally at the time it is entered into, and, of course, there is no express promise by a property owner involved in a levy of taxes upon his property and none was claimed in this case. A contract may be implied where an agreement in fact is presumed from the acts of the parties, and this is the proper meaning of

an implied contract. An illustration of such a contract is where one performs services for another under circumstances showing that they were not intended to be gratuitous and the services are accepted. An example of a contract implied in fact is found in *Chudnovski* v. *Eckels*, 232 Ill. 312, where the plaintiff had entered defendant's street car and paid her fare, from which the law recognized the existence of a contract of the defendant to carry her safely. The law presumes a contract of a common carrier to be answerable for the goods he carries or to exercise the degree of care declared by law by receiving as a common carrier a passenger to be carried for hire. Another case is *Harty Bros.* v. *Polakow*, 237 Ill. 559, where the liability of the owner depended both upon the obligation imposed upon him by the statute and his acts. The only difference between an express contract and an implied contract in the proper sense is, that in the former the parties arrive at an agreement by words, either verbal or written, while in the latter the agreement is arrived at by a consideration of their acts and conduct. (2 Page on Contracts, sec. 771.) It is clear that there is no contract between the people and a tax-payer in that sense.

The term "implied contract" has also been applied to a class of obligations which are created by law without regard to the assent of the party upon whom the obligation is imposed, on the ground that they are dictated by reason and justice. They are not contract obligations in the true sense because there is no agreement of the parties, but they are constructive contracts created by the law. A case of that kind is where one has received money or its equivalent under such circumstances that in equity and good conscience he ought not to retain it but it belongs to another. In such a case the right of the plaintiff does not depend upon any principle of contract between him and the defendant but the right to recover is governed by rules of equity, although the money demanded may be recovered in an action in form

274 — 41

*ex contractu.* The liability exists from an implication of law arising from the facts and circumstances, independent of an agreement or even a presumed intention of the defendant. In those cases the idea of a contract is purely fictitious, since there are none of the elements of a contract present and the intention of the parties is entirely disregarded. (*Board of Highway Comrs.* v. *City of Bloomington,* 253 Ill. 164; Ann. Cas. 1913*a,* 471.) Where a contract is implied in fact it results as a legal inference from the facts and circumstances although not formally stated in words, and the difference between such a contract and an express contract is in the means of proof, whether by words or by conduct. In contracts created by construction of law, liability exists from an implication of the law arising from facts and circumstances independent of intention. (6 R. C. L. 558.) Such contracts are contracts merely in the sense that a remedy is by the statutory remedy of *assumpsit* and are created and governed by the principles of equity.

As there is no express contract of the tax-payer to pay his taxes and none is implied in fact, the question to be determined here is whether such contract is created by construction of law, regardless of an agreement or presumed intention, so as to come within the terms of the statute concerning jurisdiction of the municipal court. If any contract of the owner of property to pay taxes is to be implied by the law it must result from the existence of the duty to pay them, but the mere existence of the duty does not, of itself, raise any implied promise to perform it. It may be conceded that the property owner owes to the government the duty to pay taxes in order that the government may be able to perform its functions. In *Rae* v. *Hulbert,* 17 Ill. 572, the court had under consideration the statute providing that a defendant in any action brought upon any contract or agreement, either express or implied, having claims or demands against the plaintiff, might set up the

same and have them allowed him upon the trial, and the question was whether a judgment was a contract. The court said that in the statute the words "contract" and "agreement" were used in their ordinary sense and not with the intention of embracing every imaginable litigation upon a cause of action; and further: "In one sense it is true that every member of society impliedly agrees to pay all judgments which may be regularly rendered against him, and in the same sense does he impliedly agree to make amends for all torts which he may commit." The mere existence of the duty to pay taxes lawfully assessed is not different from any other duty owing to the government, the public or individuals, and the law does not imply a contract to do a thing merely because there is a duty to do it.

In determining whether the law will imply a contract of the property owner to pay taxes a consideration of the nature of taxation is important. A definition of taxes by Judge Cooley is as follows: "Taxes are defined as being an enforced proportional contribution of persons and property levied by the authority of the State for the support of the government and for all public needs." (Cooley on Taxation, 1.) The power of taxation may be defined as the power inherent in the sovereign State to recover a contribution of money or other property, in accordance with some reasonable rule or apportionment, from the property or occupations within its jurisdiction for the purpose of defraying the public expenses. (11 Modern Am. Law, 391.) In *Wagner* v. *City of Rock Island*, 146 Ill. 139, this court quoted and indorsed Judge Cooley's definition of taxes.

Taxes being enforced contributions demanded by the sovereignty as burdens or charges on persons or property for public purposes, the courts have universally held that they are not debts and there is no contract implied in law that the owner of the property will pay them. A claim for taxes is not a debt and does not create the relation of debtor and creditor or rest upon a contract, express or implied. In

*Jack* v. *Weiennett*, 115 Ill. 105, the court, considering the question whether creditors, under an assignment in the insolvent laws, acquired vested rights in the assigned property so that it could not thereafter be taken for the payment of taxes levied before the assignment, said: "If a claim for taxes is but an ordinary debt creating the relation of debtor and creditor the question must be answered in the affirmative, for all creditors, under the statutes relating to insolvency, must share *pro rata* under the assignment. But such a claim is not a debt within that sense,"—quoting from Cooley on Taxation and citing other authorities.

In *Loeber* v. *Leininger*, 175 Ill. 484, the court said: "A tax is not a debt in the ordinary sense of that term. It is an exaction or forced contribution from property demanded by the taxing power or sovereignty for the purpose of enabling the government to execute and discharge its functions."

In Cooley on Taxation (p. 13) it is said: "Taxes are not debts in the ordinary sense of that term, and their collection, in general, depends on the remedies which are given by statute for their enforcement. * * * Taxes are not demands against which a set-off is admissible. Their assessment does not constitute a technical judgment, nor are they contracts between party and party, either express or implied."

The following statement is from the American and English Encyclopedia of Law, (vol. 27, 2d ed. 580): "A tax, in its essential characteristics, is almost universally held not to be a debt nor in the nature of a debt. The distinction between a debt and a tax is that the one rests on a contract and the other does not. A debt is a sum of money due by contract, express or implied, while a tax is a charge on person or property to raise money for public purposes and operates *in invitum*."

In *Village of Charlotte* v. *Keon*, 207 N. Y. 346, (Ann. Cas. 1914c, 328,) where the statute provided that an action-

might be maintained as upon contract by a village to re-
cover the amount of an unpaid tax, the court held that the
defendant could not set up as a counter-claim any other
cause of action on contract, for the reason that the obliga-
tion to pay a tax does not rest on contract but is a statutory
liability imposed upon all the inhabitants of the State, de-
fined as taxable, to the end that they may contribute their
just share to the expense of the government. It was held
that the legislature did not change the nature of the obliga-
tion by providing that a village might collect the tax in an
action as upon contract, and the quality and nature of the
tax were not changed thereby.

In *Pierce* v. *City of Boston,* 44 Mass. 520, the court, in
interpreting a statute providing that no demand should be
set off unless it was founded upon a judgment or a contract
and that the contract might be either express or implied,
said: "Nor are taxes contracts between party and party,
either express or implied, but they are the positive acts of
the government through its various agents, binding upon
the inhabitants, and to the making or enforcing of which
their personal assent, individually, is not required."

In *Wasson* v. *Bigelow,* 52 Pac. Rep. (Colo.) 636, which
was a suit for the collection of personal property taxes, the
defendant was entitled to have the suit tried in the county
of his residence unless it was an action on contract, which
might be tried in the county in which the contract was to
be performed. The court held that the duty to pay taxes
did not arise by contract, and said: "But a tax is not
founded on contract, either express or implied, and no re-
lation of debtor and creditor results from it."

In *Crabtree* v. *Madden,* 54 Fed. Rep. 426, the action was
brought in the United States court in the Indian Territory
for the recovery of a tax, and the statute gave the court
jurisdiction in cases on contract. The circuit court of ap-
peals said: "Taxes are not debts. They do not rest upon
contracts, express or implied. They are imposed by the

legislative authority without the consent and against the will of the persons taxed, to maintain the government, protect the rights and privileges of its subjects or to accomplish some authorized special purpose. They do not draw interest, are not subject to set-off, and do not depend for their existence or enforcement upon the individual assent of the tax-payers.' "

A remedy by suit for the collection of taxes may be given by statute, either directly or by implication, and if no specific remedy is directly given, the presumption that a remedy by suit is intended is reasonable. (Cooley on Taxation, 300.) But a remedy by a suit, whether given by implication or specifically authorized by statute, does not change the nature of the tax and make that a contract, express or implied, which is not such in fact. (*Village of Charlotte* v. *Keon, supra.*) In *Ryan* v. *Gallatin County,* 14 Ill. 78, it was held that the remedy by distress for the collection of taxes on personal property, given by the statute, was not necessarily exclusive, and where a legal liability existed against the assignees of the Bank of Illinois to pay taxes, an action of debt was an appropriate remedy to enforce the liability; and that decision was followed in *Dunlap* v. *Gallatin County,* 15 Ill. 7, *Town of Geneva* v. *Cole,* 61 id. 397, and *People* v. *Davis,* 112 id. 272. Section 230 of the present Revenue act provides that the county board may institute suit in an action of debt in the name of the People of the State of Illinois, in any court of competent jurisdiction, for the recovery of any personal property tax; but the provision that the suit may be in debt does not determine that the obligation arises out of a contract, either express or implied. The action of debt lies for the recovery of a sum certain, whether arising by contract or imposed by law, and lies for the recovery of any liability where the sum is certain or is capable of being readily reduced to a certainty. It is an appropriate action for the recovery of fines for the violation of a municipal ordinance.

(*Israel* v. *Town of Jacksonville,* 1 Scam. 290; *Town of Jacksonville* v. *Block,* 36 Ill. 507.)   Where forfeitures or penalties are imposed and no form of action is given, debt will lie.   (*Vaughan* v. *Thompson,* 15 Ill. 39.)   It is a proper form of action to recover a penalty given by statute, (*Indianapolis and St. Louis Railroad Co.* v. *People,* 91 Ill. 452,) and in none of these cases does the law imply any contract.   Where a statute provides that an action may be brought for the collection of taxes, and impliedly that such action shall be in form *assumpsit,* it is sufficient, in charging liability, to state the facts which create liability without alleging a promise to pay.   (*Wheeler* v. *Wilson,* 57 Vt. 157.)   The action of *assumpsit,* which originally was invariably classed among actions on the case for tort and is still an action of trespass on the case on promises, may by statute be employed for the recovery of taxes without any implication of an implied contract to pay them.   Both on reason and by authority a suit for taxes is not an action on a contract, express or implied, and the amount claimed in this case, exclusive of costs, exceeding $1000, the municipal court had no jurisdiction.

The judgment is reversed.         *Judgment reversed.*