(No. 25580.—

THE DEPARTMENT OF FINANCE, Appellee, *vs.* FRANK STANKIEWICZ, Appellant.

*Opinion filed June 14, 1940—Rehearing denied October 9, 1940.*

HERBERT M. WETZEL, and CAMERON LATTER, for appellant.

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S. WINNING, MORTIMER PORGES, LEONARD H. LAWRENCE, PHILIP J. SIMON, and HIRSCH E. SOBLE, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

The Department of Finance brought an action in the municipal court of Chicago against the appellant, Frank Stankiewicz, for tax and penalty assessed under the provisions of the Retailers' Occupation Tax act. The cause was tried under a stipulation of facts and judgment was entered against the appellant for $2458.55 which included both tax and penalty. He has appealed directly to this court contending that the municipal court was without jurisdiction.

The Retailers' Occupation Tax act provides, in part, (Ill. Rev. Stat. 1939, chap. 120, par. 444,) "In case of

the failure to pay the tax, or any portion thereof, or any penalty provided for in this act, when due, the department may recover the amount of such tax or penalty in a civil action." The Municipal Court act provides, in part (Ill. Rev. Stat. 1939, chap. 37, par. 357,) "That said municipal court shall have jurisdiction in the following cases: First. Cases to be designated and hereinafter referred to as cases of the first class, which shall include (a) all actions on contracts, express or implied, whether implied in law or implied in fact, when the amount claimed by the plaintiff, exclusive of costs exceeds $1000." Prior to its amendment, in 1931, this section of the act did not contain the words "whether implied in law or implied in fact," and it is argued by the appellee that the addition of these words made the act broad enough to include actions for the collection of taxes and penalties thereon.

The position taken by the appellee with relation to the jurisdiction of the municipal court of Chicago has twice been passed upon and twice rejected by this court. In *People* v. *Dummer,* 274 Ill. 637, and, again, in *People* v. *Industrial Savings Bank,* 275 id. 139, we have definitely held, in cases arising in the municipal court of Chicago, that that court has no jurisdiction in an action of the first class to recover taxes amounting to more than $1000, exclusive of interest and costs. In those cases we distinctly held that an obligation to pay a tax does not arise out of any kind of a contract, and we could not sustain the present judgment without overruling each of these cases. In the *Dummer case* will be found a review of the various applicable authorities which it is unnecessary to repeat here. For the reasons stated in the two cases above cited it is necessary for us to hold, as we do hold, that in the case under review the municipal court of Chicago was without jurisdiction, and for that reason its judgment is reversed.

*Judgment reversed.*